### Chicago & Alton Railway Company v. Thomas F. Martin.

1. INSTRUCTIONS—*must be predicated upon the evidence.* Instructions must be based upon some evidence in the cause.

Action on the case for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

KERRICK & BRACKEN, for appellant; F. S. WINSTON, of counsel.

HENRY D. SPENCER, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This is a suit by appellee for personal injuries alleged to have been received by him while he was a passenger on one of the defendant's trains by reason of a collision between the train on which he was riding and another train on the defendant's road. Verdict and judgment were rendered for plaintiff in the sum of $750.

Appellant claims there is no evidence which warrants a finding for plaintiff. We think there is.

It is also urged that the fourth and fifth instructions given for plaintiff are erroneous. The fourth instruction reads as follows:

"The court instructs the jury that in estimating the damages which the plaintiff may have sustained by reason of the injury complained of, the jury, if they find for the plaintiff, are not confined to such damages as may have resulted to the plaintiff by loss of time or medical attendance, but may give such additional damage, for the loss of the natural use of plaintiff's arm, if anything, the pain and suffering, mental anguish, which the jury, exercising sound discretion under the evidence, may deem a just compensation for the injuries received."

The instruction assumes that the plaintiff had lost time by reason of the injury received. There is no proof in the record that he lost any time by reason of his injury or by reason of anything. The proof is that he lost no time on any account. The instruction also assumes that the plaintiff had suffered mental anguish occasioned by his injury while the record is barren of proof thereof. It also assumes that the plaintiff had lost, entirely lost, the natural use of his arm. There is proof tending to show that the natural use of his arm had become impaired, and there is evidence tending to prove to the contrary, but there is no proof that there was entire loss of it. These are all questions of fact to be determined by the jury from the evidence and from the evidence alone. They are not matters to be determined or assumed by the court.

The fifth instruction for the plaintiff, which also has reference to the matter of the measure of damages, concludes with the words, "that the jury may take into consideration any damages that they believe from the evidence the plaintiff may sustain or suffer hereafter, growing out of said injuries." This, taken in connection with the assumption by the court in the fourth instruction that the plaintiff had lost the natural use of his arm, would naturally lead the jury to assess damages for future as well as past loss by reason of the assumed condition of his arm. There is no evidence in the record to justify the conclusion that any loss on that account would be suffered in the future. The jury were put on mere speculation as to what damages might by some possibility thereafter ensue. A question

was put, over defendant's objection, to Dr. Kelso, as an expert, which assumed that "the control of all his (plaintiff's) muscles is lessened." There was no evidence to warrant the assumption, and the question was not proper for that reason, but the jury could not have been misled thereby since the proof clearly shows that the muscles of his arm were the only muscles complained of and of which any evidence had been given.

The verdict was for a small sum. If we could say that the evidence clearly justifies the amount awarded, we would be inclined to affirm the judgment notwithstanding the errors committed, but we are not able so to say.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*